■ RITTA PERSONNEL, INC., Respondent, v JOHNSON, JESSON & McMAHON, INC., Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Doran, J.), entered October 5, 1988 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff, an employment agency, commenced this action to recover for personnel placement services rendered to defendant. Following joinder of issue, Supreme Court granted plaintiff's motion for summary judgment. Defendant has appealed.

We reverse. Plaintiff claims that, at defendant's request, Lynda Muraco was referred for employment in January 1987. Defendant contends that Muraco was interviewed and found not qualified for the position. Subsequently, however, plaintiff discovered that defendant hired Muraco in July 1987 for a different position and plaintiff demanded payment on July 31, 1987, seeking a balance due of $3,040. This amount was ostensibly based on a fee schedule previously forwarded to defendant. The foregoing was propounded in the affidavits of plaintiff's president and its employee involved in the transaction. In opposition, defendant proferred the affidavits of its president and vice-president, both of whom acknowledged that Muraco was interviewed in January 1987 upon plaintiff's referral. As explained by defendant's president, however, the initial referral was for a *commercial* lines service representative, a position for which Muraco was deemed unqualified and thus not hired. With this result, defendant maintains that its dealings with plaintiff were terminated, and that Muraco's subsequent hiring as a *personal* lines service representative was independent of plaintiff's referral.

In our view, the competing affidavits raise a triable issue of fact as to whether Muraco's ultimate hiring was pursuant to any placement agreement between the parties. Assuming the existence of such an agreement, a further question exists as to the extent of the damage. Plaintiff's fee schedule is based on a percentage of the referred employee's annual salary, and yet there is no indication what Muraco's salary was. Given these basic issues, Supreme Court erred in directing summary judgment in plaintiff's favor.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.